Patrick Brady, WSB No. 7-5494
Sundahl, Powers, Kapp & Martin, LLC
500 W 18th Street, Suite 200
Cheyenne, WY 82001
Phone: (307) 632-6421
Fax: (307) 632-7216
pbrady@spkm.org

Michael G. Burk, Texas Bar No. 03386500
The BURK LAW FIRM, P.C.
*Pro Hac Vice Motion forthcoming*
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825
burk@burklaw.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 DEC -5  PM 1: 47

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WILLIAM LEHR, individually and derivatively on behalf of PERPETUAL ASSETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUS DEMOS, <br><br> Defendant, <br><br> and PERPETUAL ASSETS, INC. <br><br> Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 24-CV-249-S |

### PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff WILLIAM LEHR, individually and derivatively on behalf of PERPETUAL

ASSETS, INC. ("Lehr" or "Plaintiff"), complains of Defendant GUS DEMOS ("Demos" or

"Defendant"), and would respectfully show the Court as follows:

# I.
## PARTIES

All of the paragraphs in this Complaint preceding and succeeding this Section I, "Parties", are fully incorporated in this Section I by this reference.

1.      Plaintiff William Lehr is a natural person residing at 2 Crooked Arrow Street, Wimberly, TX 78676.

2.      Defendant Gus Demos is a natural person residing at 760 Bald Eagle Dr., Naples, FL 34105, and who may be served with process at that address.

3.      Nominal Defendant Perpetual Assets, Inc. is a Wyoming corporation with its principal office at 30 N. Gould Street, Suite 2540, Sheridan, Wyoming 82801, and which may be served with process through its registered agent, Registered Agents Inc., at 30 N. Gould St., Suite R, Sheridan, Wyoming 82801.

# II.
## JURISDICTION

All of the paragraphs in this Complaint preceding and succeeding this Section II, "Jurisdiction", are fully incorporated in this Section II by this reference.

4.      This Court has diversity jurisdiction over this suit because all the parties are diverse and that amount in controversy exceeds $75,000.00. Plaintiff Lehr resides in the State of Texas, Defendant Demos resides in the State of Florida, and Nominal Defendant Perpetual Assets, Inc. is a Wyoming corporation with its principal office located in the State of Wyoming.

# III.
## VENUE

All of the paragraphs in this Complaint preceding and succeeding this Section III, "Venue", are fully incorporated in this Section III by this reference.

5.    Venue is proper in this judicial district pursuant to, without limitation, 28 U.S.C. §1401, because this suit is a civil action by a stockholder on behalf of a corporation and the corporation could have sued the same defendant in this judicial district.

6.    Venue is further proper in this judicial district pursuant to, without limitation, 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.

**IV.**
**STATEMENT OF FACTS**

All of the paragraphs in this Complaint preceding and succeeding this Section IV, "Statement of Facts", are fully incorporated in this Section IV by this reference.

7.    Plaintiff Lehr and Defendant Demos formed Perpetual Assets, Inc. (the "Company") in 2018. The Company has issued 9,000 outstanding shares, with Lehr and Demos each owning 4,500 shares. The Company is a cryptocurrency and precious metals dealer that specializes in retirement accounts and offshore investments.

8.    When the Company was formed, Lehr and Demos entered into a Shareholder Agreement that included certain terms and requirements concerning the transfer of stock in the company. Since its inception, Lehr has been responsible for crypto and trading compliance, managing sales, marketing and the overall strategic vision for the Company, whereas Demos has been responsible for overseeing accounting, banking and other operational matters.

9.    On November 9, 2024, Demos demanded that Lehr sell all of his shares in the Company. In order to respond to Demos' demand, Lehr on November 11, 2024, contacted the Company's bookkeeper and requested access to the Company's QuickBooks account so that he could better understand the Company's current financial status.

10.     On November 12, 2024, Demos locked Lehr out of the Company's email, shared computer drives, banking account, customer relationship platforms, and other accounts, information and tools required for Lehr to do his job of handling sales, marketing and other duties for the Company. Demos tried to justify this action by absurdly claiming Lehr's request to see the Company's QuickBooks somehow constituted a fraudulent effort by Lehr to share the Company's proprietary information with a third party. Demos further threatened to shut down the company unless Lehr by noon the following day had identified a dollar amount for which Lehr would agree to sell his shares of stock in the Company.

11.     On November 14, 2024, Demos caused the Company's attorney to send a Share Purchase Agreement to Lehr making an offer on behalf of the Company to purchase Lehr's stock, and Demos demanded that Lehr sign and return the agreement by no later than 5:00 p.m. on November 18, 2024. When Lehr asked Demos and the Company's attorney for copies of the operating agreement, bylaws and other corporate documents so that he could properly respond to the proposed Share Purchase Agreement, Demos, on November 16, 2024, failed to agree to provide the requested corporate and financial records (in violation of, without limitation, Article 16 of the Wyoming Business Corporation Act), and angrily revoked the offer to purchase Lehr's stock, stating a lawsuit would be filed suit against Lehr.

## V.
## CAUSES OF ACTION
### A.
### Count I – Breach of Fiduciary Duty

12.     Plaintiff repeats and re-alleges all preceding and succeeding paragraphs as though set forth fully herein.

13.     As an officer of the Company, Demos owes fiduciary duties to the Company, including, without limitation, (a) the duty of loyalty and utmost good faith, (b) the duty of candor,

(c) the duty of care, (d) the duty of fair, honest dealing, (e) the duty of full disclosure, (f) the duty to use uncorrupted business judgment for the sole benefit of the corporation, (g) the duty of obedience, and (h) the duty to place the company's interests above the officer's own interests.

14.    As described in more detail above, Demos has breached his fiduciary duties to the Company by, without limitation, harming the Company's ability to conduct its day-to-day business by denying Lehr access to the Company accounts, platforms and other tools and information required for the Company to conduct its day-to-day business and to handle the Company's clients' needs. Demos has further breached his fiduciary duties to the Company by refusing Lehr's request to examine the Company's QuickBooks and corporate records.

15.    Demos' breaches of fiduciary duty have injured the Company and/or have resulted in benefit to Demos.

## B.
## Count 2 – Breach of Contract

15.    Plaintiff repeats and re-alleges all preceding and succeeding paragraphs as though set forth fully herein.

16.    As described in more detail above, one or more oral and/or written contracts existed. Specifically, and without limitation, there is a valid and enforceable Shareholder Agreement between Lehr and Demos. The parties are in privity Lehr performed under the contract(s) and Demos breached the contract(s), thereby causing injury to Lehr.

17.    In the alternative to the existence of one or more enforceable agreements, the theories of promissory estoppel and implied contract (whether at law or in fact) apply to any of the agreements, understandings, course of dealing, long-standing procedures and/or other business dealings that might be found not to meet all of the elements of a contract.

18.     Lehr seeks all available damages under this breach of contract claim and alternative theories, as discussed more fully below in the "Damages" section.

**C.**
**Count 3 – Request for Court-Ordered Inspection of Company Records**

19.     Plaintiff repeats and re-alleges all preceding and succeeding paragraphs as though set forth fully herein.

20.     Pursuant to, without limitation, Article 16 of the Wyoming Business Corporation Act, Lehr asks the Court to order that all of the Company's corporate and financial records be produced for copying and inspection.

**VI.**
**DAMAGES**

21.     All of the paragraphs in this Complaint preceding and succeeding this Section VI, "Damages", are fully incorporated in this Section VI by this reference.

22.     As a proximate, producing and direct result of the acts pleaded hereinabove, Plaintiff has suffered the following damages, without limitation:

    (a)     any and all past and future actual, incidental, general, special, direct, consequential, benefit of the bargain and out-of-pocket damages associated with, produced and/or proximately caused by Defendant's unlawful conduct, as more specifically described hereinabove in Section V;

    (b)     any and all reasonable and necessary mitigation expenses;

    (c)     any and all lost profits;

    (d)     expectancy, reliance and restitution damages;

    (e)     loss of goodwill;

(f)     disgorgement of any and all amounts and profits received by Defendant as a result of any breach of fiduciary duty or other unlawful act or omission

(g)     exemplary damages;

(h)     reasonable attorneys' fees;

(i)     court costs associated with prosecuting this lawsuit;

(j)     pre-judgment and post-judgment interest at the highest rate allowed by law on the amount of the judgment against Defendant until all judgment amounts are satisfied; and

(o)     all other damages of any kind, whether in equity or at law, to which Plaintiff may be entitled to and as may be proved at trial.

23.     The above-enumerated damages and any additional damages at law or in equity that may be proved at trial are substantially in excess of the minimum jurisdictional threshold of this Court.

## VII.
## APPLICATION FOR TRO, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

24.     All of the paragraphs in this Complaint preceding and succeeding this Section VII, "Application for TRO, Preliminary Injunction and Permanent Injunction", are fully incorporated in this Section VII by this reference.

25.     Pursuant to, without limitation, Rule 65 of the Federal Rules of Civil Procedure, Plaintiff requests a temporary injunction, preliminary injunction and permanent injunction. It is likely that Plaintiff will succeed on the merits of Plaintiff's underlying cause of action, there is evidence of a real and immediate threat of future injury causing irreparable harm, the interests of

Plaintiff and the Company in obtaining this relief outweigh the burden an injunction would place on Defendant, and a preliminary injunction would be in the public interest.

26.    Without limitation, Plaintiff asks the Court to issue in favor of Plaintiff and against Defendant the following TRO, preliminary and (after trial) permanent injunctive relief against Defendant:

        (a)    order Defendant to immediately restore Plaintiff's access to all Company email, banking and financial accounts, as well as to all of the Company's client and investment platforms, and all other Company accounts, tools and information that Plaintiff had access to prior to Defendant's actions in removing Plaintiff's ability to access these things;

        (b)    order Defendant to allow Plaintiff to continue performing his responsibilities in managing the Company's sales, marketing, and servicing its clients;

27.    It is probable that Plaintiff will recover from Defendants after a trial on the merits because of the clear and preponderant evidence showing that Defendant has, without limitation, engaged in unlawful conduct causing severe harm to Plaintiff and the Company.

28.    If Plaintiff's application is not granted, harm is imminent because Defendant's ongoing unlawful conduct will cause further damage to Plaintiff and the Company.

29.    The harm that will result if the TRO, temporary restraining order and preliminary injunction is not issued is irreparable and Plaintiff will have no adequate remedy at law because the injury that would result from the actions that Plaintiff seeks to have this Court enjoin may not be reasonably calculable and/or Defendant may not be able to respond in damages.

30.    Plaintiff is not seeking *ex parte* injunctive relief.

31.    A bond should not be necessary to restore Plaintiff , a 50% shareholder, to his rightful status and rights within the Company, but  is willing to post a reasonable bond if the Court somehow deems it necessary.

**VIII.**
**SATISFACTION OF CONDITIONS PRECEDENT**

All of the paragraphs in this Complaint preceding and succeeding this Section VIII, "Satisfaction of Conditions Precedent", are fully incorporated in this Section VIII by this reference.

32.     All conditions precedent, if any, to recovery have been satisfied by Plaintiff by the time of the filing of this Complaint.

**IX.**
**NOTICE OF LITIGATION HOLD**

All the paragraphs in this Complaint preceding and succeeding this Section IX, "Notice Litigation Hold", are fully incorporated in this Section IX by this reference.

33.     Defendant is hereby notified that Defendant is legally obligated to locate, preserve and maintain, without limitation, all physical evidence, testing data, records, documents, data, and communications that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses and damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

34.      As used above, electronically stored information includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts and revisions, and active and deleted word processing documents), instant messages, audio recordings, video footage, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received or maintained on any and all electronic sources and media, including, without limitation, any and all hard disks, removable

media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, and any and all other locations where electronic data is stored. These sources may also include the personal electronic and storage devices of the agents and employees of Defendant if electronically stored information of Defendant resides there.

35.    Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's defenses and/or counterclaims. To avoid such a result, Defendant's preservation duties require Defendant to, without limitation, immediately notify Defendant's agents and employees and to halt and/or supervise the auto-delete functions of Defendant's electronic systems.

## X.
## PERPETUAL ASSETS, INC. NAMED AS A NOMINAL DEFENDANT ONLY

36.    Please take note that Perpetual Assets, Inc. is named in this lawsuit as a nominal defendant because some of Plaintiff's claims are brought derivatively on behalf of Perpetual Assets, Inc. and in order to ensure that it is subject to any orders and judgments that may directly affect Perpetual Assets, Inc. Plaintiff is not asserting herein any causes of action against Perpetual Assets, Inc.

## XI.
## IRREPARABLE INJURY WOULD RESULT BY WAITING FOR EXPIRATION OF THE 90-DAY WAITING PERIOD SET FORTH IN SECTION 17-16-742 OF THE WYOMING BUSINESS CORPORATION ACT

37.    Section 17-16-742(a)(ii) of the Wyoming Business Corporation Act states that a shareholder need not wait 90 days after making a written demand upon the corporation before

filing a derivative suit if irreparable harm would result by waiting the 90 days. Wyo. Stat. §17-16-742(a)(ii). Plaintiff asserts that Defendant's unlawful actions will cause irreparable harm to Perpetual Assets, Inc. if Plaintiff were to wait 90 days prior to filing this derivative lawsuit.

38.    Nonetheless, on December 2, 2024, Plaintiff sent Defendant a demand pursuant to W.S. § 17-16-742(a)(ii). Defendant has not responded to that demand.

## XII.
## JURY DEMAND

39.    Pursuant to, without limitation, Rule 38 of the Federal Rules of Civil Procedure, Plaintiff has paid the statutory jury fee and hereby demands a trial by jury on all issues so triable.

## XIII.
## PRAYER

40.    Plaintiff repeats, re-alleges and incorporates herein by reference each and every allegation set forth above above as if fully set forth herein.

WHEREFORE, Plaintiff requests that the Court summon Defendant to appear and answer, and that on final hearing Plaintiff have judgment from this Court against Defendant for the following:

(a)    liability against Defendant for each and all of the applicable causes of action set forth hereinabove and which are incorporated herein;

(b)    all damages, including without limitation all actual, direct, consequential, general and special damages, lost profits, benefit of the bargain damages, out-of-pocket damages, expectancy damages, restitution damages, reliance damages, mitigation expenses, and all other damages at law and in equity produced and/or resulting from and/or proximately caused by Defendants, as specified in more detail in the "Damages" section hereinabove and as Plaintiff may and shall prove at trial;

(c)    all available equitable relief, including without limitation, specific performance;

(d)    an order requiring that all of the Company's corporate and financial records be produced to Plaintiff for copying and inspection;

(e)     a TRO, preliminary injunction and permanent injunction granting the relief set forth hereinabove;

(f)     pre-judgment interest at the highest rate allowed by law;

(g)     post-judgment interest at the highest rate allowed by law on the amount of the judgment against Defendants until all judgment amounts are satisfied;

(h)     Plaintiff's reasonable attorneys' fees incurred in this lawsuit, pursuant to, without limitation, Part V of the Shareholder Agreement and all other applicable statutory and common laws;

(i)     exemplary damages;

(j)     Plaintiff's costs of suit; and

(k)     any and all such other relief, whether in equity or at law, to which Plaintiff may be entitled.

All of the above relief in subparagraphs (a) through (k) of this Section XIII, "Prayer", is sought

pursuant to any and all applicable laws and statutes and equitable doctrines.

Respectfully submitted,

Patrick Brady, WSB No. 7-5494
SUNDAHL, POWERS, KAPP & MARTIN, LLC
500 W 18th Street, Suite 200
Cheyenne, WY 82001
Phone: (307) 632-6421
Fax: (307) 632-7216
pbrady@spkm.org

Michael G. Burk, Texas Bar No. 0338650
The BURK LAW FIRM, P.C.
*Pro Hac Vice Motion forthcoming*
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825
burk@burklaw.com